

ELECTRONICALLY FILED
9/11/2009 4:21 PM
CV-2009-901064.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PATRICK L. EDWARDS and ) <br> TERESA K. EDWARDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TAYLOR, BEAN AND WHITAKER ) <br> MORTGAGE CORP and BANK OF ) <br> AMERICA HOME LOANS SERVICING, ) <br> LP, A SUBSIDIARY OF BANK OF ) <br> AMERICA, N.A., ) <br> ) <br> Defendants. ) | CV-09-_____ |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

**COME NOW,** the Plaintiffs, Pat and Teresa Edwards, and file this complaint against the named Defendants as follows:

1. The Plaintiffs, Patrick L. Edwards and Teresa K. Edwards, are residents of the state of Alabama who currently reside at 1701 Longmeadow Drive Montgomery, Alabama 36106.

2. The Defendant, Taylor, Bean and Whitaker Mortgage Corp. (hereinafter referred to as "Taylor Bean"), is a Florida entity registered to do business in the State of Alabama.

3. Defendant, Bank of America Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. (hereinafter referred to as "BOA"), is a North Carolina Entity which is registered to do business in the State of Alabama.

## STATEMENT OF FACTS

4. This matter arises because of the recent Federal Bureau of Investigation raid on Taylor, Bean and Whitaker Mortgage Corp. in Ocala, Florida and subsequent violations of the

law on the part of Defendants with respect to Plaintiff's mortgage for that real property located at 1701 Longmeadow Drive; Montgomery, AL 36106.

5. During the past 6 months, Plaintiffs and Defendant have been trying to reach an agreement whereby their Mortgage Loan will be taken out of default status. Counsel for the undersigned was contacted by an Agent from Taylor Bean and Whitaker on or about July 30, 2009 and was informed by such agent that Taylor Bean and Whitaker had agreed to a "work out plan" with Plaintiffs but were awaiting the results of a "title search" before the terms of such agreement could be disclosed.

6. During such conversations, Counsel for Plaintiff informed such agent that Taylor, Bean and Whitaker had scheduled a foreclosure sale for August 24, 2009. **The agent denied any knowledge of such foreclosure sale being set and informed Counsel for Plaintiff that said sale would be cancelled.**

7. On or about August 3, 2009, the Federal Bureau of Investigation conducted a "raid" on Taylor, Bean and Whitaker. Immediately following such, the business ceased operations and Plaintiffs have been unable to reach anyone regarding the status of their work out plan. It is Plaintiffs' position that Taylor Bean has engaged in a pattern and practice of fraudulent conduct which has been designed to "push" individuals into foreclosure by applying bogus charges to their loans, violating the Fair Dept Collection Practice Act, and concealing information from Plaintiffs' attorney *when Defendants have actual knowledge that Plaintiffs are represented by Counsel.* Defendant BOA now stands in the shoes of Taylor Bean.

8. On August 13, 2009, Defendant Taylor Bean (through its Attorney) sent a communication (attached hereto as "Exhibit A") to Counsel for Plaintiffs stating that said August 24th foreclosure would be "postponed" until sometime after September 1, 2009. **Said**

**communication also indicated that Taylor Bean would send the undersigned Counsel copies of any and all future communications sent to Plaintiffs regarding either the account or any subsequent foreclosure notices.** Counsel for Plaintiffs have repeatedly demanded that Taylor Bean send him copies of communications sent to Plaintiffs but Taylor Bean (and now BOA) has intentionally refused to do so.

9.  On August 23, 2009, Defendant BOA sent a letter to Plaintiffs indicating that the Mortgage in question had been transferred to it. At such time, BOA also sent a payment ticket to Plaintiffs asking for a remittance in the amount of $934.03 (the amount of their regular mortgage payment). **Defendants intentionally did not send a copy of this communication to Counsel for Plainitffs.** Said communications are attached hereto as "Exhibit B."

10.  On August 24, 2009, Defendant Taylor Bean sent a notice to Plaintiffs that it **(and not BOA)** would be conducting a foreclosure sale on September 28, 2009. Again, **Counsel for Plaintiffs was not sent a copy of this communication**. The same attorney who was handling this foreclosure for Defendant Taylor Bean is the same attorney who previously represented to Counsel for Plaintiffs that Counsel for Plaintiffs would be sent any and all future correspondence. Said foreclosure notice is attached hereto as "Exhibit C."

11.  Defendant Taylor Bean was not the proper party to conduct the foreclosure sale and its sending notice of such on August 24th constitutes a violation of the Fair Debt Collection Practice Act. Moreover, *Defendants further violated the FDCPA in not sending Counsel for Plaintiffs any and all communications in connection with the collection of a debt when Defendants had actual knowledge that Plaintiffs were represented by an attorney*.

12.  As of July 17, 2009, Defendants represented the amount of the balance owed on Plaintiff's loan was $108,779.54. As of August 23, 2009, Defendants now contend that said

**balance has increased by an astonishing $13,329.71 in just one month's time**. (See Attached "Exhibit D").

13. Plaintiffs contend there is fraud underlying the transaction between the parties and further believe that "bogus" interest and other charges have been applied to their loan thereby "forcing" them into default.

## Count I
## BREACH OF CONTRACT

14. Plaintiff specifically incorporates paragraphs numbered 1-13 above herein.

15. On July 30, 2009, Plaintiffs entered into a contract with Defendant wherein Defendant agreed to suspend foreclosure proceedings and initiate a loan modification program instead.

16. Defendant has failed to suspend foreclosure proceedings and has not entered into any kind of loan modification program. Moreover, Plaintiffs contend Defendants intentionally breached its contract with Plaintiffs in order that Defendants could profit from such foreclosure.

## Count II
## NEGLIGENCE

17. Plaintiff realleges and specifically incorporates paragraphs numbered 1-16 above herein.

18. Defendant owed a duty to Plaintiffs to inform its agents that it had already initiated a foreclosure sale instead of representing to Plaintiffs that it had agreed to a "work out" plan. Defendant owed a duty to Plaintiffs to disclose that it would foreclose on their property notwithstanding its agreement that it would not do so. Defendants also owed a duty to Plaintiffs not to impose "bogus" charges on their loan and were also obligated to deal with Plaintiff's with good faith and in a fair manner.

19. Defendant has failed to stall foreclosure proceedings notwithstanding its representation that it would do so.

20. In not postponing or stalling foreclosure proceedings (or negligently doing so) Defendant proximately caused damage to Plaintiffs.

## Count III
## WRONGFUL/DEFECTIVE FORECLOSURE

21. Plaintiff realleges and specifically incorporates paragraphs numbered 1-20 above herein.

22. Plaintiffs allege that the foreclosure in question is defective, wrongful and is being performed negligently.

23. The Defendant initiated a foreclosure proceeding against Plaintiffs which is wrongful in each of the following instances:

   a) It is in violation of the agreement between the parties and the applicable law;

   b) Defendants failed to comply with applicable mortgage servicing regulations, guidelines and agreements;

   c) The Servicer of the Loan failed to offer pre-foreclosure loss mitigation in that the terms are intended and designed to prevent Plainntiffs from reinstating their mortgage;

   d) Defendants breached their implied duty of good faith and fair dealing with Plaintiffs;

   e) Defendants engaged in a pattern and practice of falsifying certain documentation for the purpose of enabling themselves to wrongfully foreclose on property of unsuspecting or unknowing consumers illegally and without legal standing to foreclose;

    f) Defendants have imposed "bogus" or improper finance charges, late fees and attorneys fees when said fees have not actually been incurred by Defendant;

    g) Defendant Taylor Bean is not the proper party to be initiating foreclosure.

24. The foreclosure proceeding, and the initiation thereof, is either negligent, wanton or intentional.

25. As a result of the same, Defendant is responsible for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon proper showing.

## Count IV
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

26. Plaintiff realleges and specifically incorporates paragraphs numbered 1-25 above herein.

27. The Defendant caused (through Debt Collectors Employed by them) a communication to be sent to Plaintiffs which communication was in violation of the FDCPA in that it purported to take action which Defendant is not lawfully entitled to take due to the defectiveness/deficiencies of the Notice of Acceleration of Promissory Note, Mortgage and other allegations contained herein. Defendants have also intentionally failed to communicate with Plaintiffs through their attorney when they are obligated to do so and they are employing unfair and unconscionable means to collect or attempt to collect a debt in each of the following instances:

    a) Trying to collect amounts not authorized by the agreement creating the debt;

    b) Causing charges to be made to any person for communications by concealment of the true purpose of the communication;

    c) Threatening to take legal action that cannot lawfully be taken;

    d)    **Failing to communicate with the debtor when Defendants had actual knowledge said debtor was represented by an attorney.**

28. As a result of the actions of Defendants, Plaintiffs have been injured and harmed in that they have suffered financial loss and damage to their reputation. Plaintiffs are also due an award of attorneys fees pursuant to the FDCPA along with statutory damages.

**WHEREFORE**, Plaintiff requests relief as follows:

1. Upon hearing this matter, issue a **Preliminary Injunction** requiring Defendants and/or their agents from conducting foreclosure proceedings;

2. An Order directing Defendant to cease further collection activity and/or foreclosure activity until the conclusion of the investigation which is currently being conducted by the Federal Bureau of Investigation and the Federal Housing Authority;

3. Award Plaintiffs damages in excess of the minimum jurisdictional limits of this Court;

4. Award Plaintiffs attorneys fees and statutory damages because of Defendant's willful violation of the Fair Debt Collection Practice Act;

5. Such other and further relief as may be just and proper.

                                                  s Nicholas Cole Hughes
                                                  Nicholas Cole Hughes (HUG057),
                                                  Attorneys for Plaintiff

**Nicholas Cole Hughes (HUG057)**
**6706 Taylor Circle**
**Montgomery, AL 36117**
**Tel: 334-279-0088**
**Fax: 334-279-8830**

## VERIFICATION

We, Patrick L. Edwards and Teresa K. Edwards, being duly sworn under oath, depose and say that the factual allegations contained in this document are true and correct to the best of our information, knowledge and belief.

_____
Patrick L. Edwards

_____
Teresa K. Edwards

**STATE OF ALABAMA** )

**COUNTY OF MONTGOMERY** )

I, Nicholas Hughes, a Notary Public in and for said County, in said State, hereby certify that Teresa K. Edwards and Patrick L. Edwards whose names are signed to the foregoing instrument, and who are known to me, that first being duly sworn, acknowledged before me on this date, that having read and being informed of the contents of the foregoing document, they verified the truth and accuracy of the facts and matters as set forth herein and executed the same under oath on the day the same bears date.

Given under my hand and notarial seal, this the 11 day of September, 2009.

_____
NOTARY PUBLIC
My Commission Expires: 1-30-2012



# SHAPIRO & PICKETT, LLP

ATTORNEYS AT LAW

Gerald M. Shapiro
Licensed in Illinois &
Florida only
David S. Kreisman
Licensed in Illinois only
Edith Schaubie Pickett
Admitted in Alabama
and Florida
David M. Sigler
Admitted in Alabama

August 13, 2009

Nicholas Cole Hughes
6706 Taylor Circle
Montgomery, AL 36117

RE:   Teresa K. Edwards and Patrick L. Edwards
      Loan #: 0001180820
      S&P #: 09-009325

**PLAINTIFF'S EXHIBIT 4**

Dear Nick,

This follows our conversation of August 13, 2009 regarding the referenced matter and is to confirm that the foreclosure sale scheduled for August 24, 2009 will be postponed to a date after September 1, 2009. As we discussed, we have been advised that this loan is being transferred to Bank of America and are currently waiting for more specific instructions as to how they wish for us to proceed. As you requested, I have had you added to the contacts on this file so you should receive any future notices sent to the mortgagors. Please contact me if you have any questions.

Very Truly Yours,

SHAPIRO & PICKETT, LLP

*Edie S. Pickett*

EDIE S. PICKETT


**Bank of America**

Home Loans
P.O. Box 5170
SIMI VALLEY, CA 93062-5170



Send Correspondence to:
P.O. Box 5170
Simi Valley, CA 93062-5170

Business Address:
450 American Street
Simi Valley, CA 93065-6285

August 23, 2009

Account No.: 22489907

Property Address:
1701 Longmeadow Drive
Montgomery, AL


PLAINTIFF'S EXHIBIT
B

Teresa Edwards
1701 Longmeadow Drive
Montgomery, AL 36106

Dear Teresa Edwards:

Important Legal Notice

As you know, the servicing of your home loan was recently transferred to BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. (BAC Home Loans). BAC Home Loans, as the servicer of your loan, has the right to collect payments from you. BAC Home Loans is required by law to advise you of the following:

1) Under the Fair Debt Collections Practices Act, as well as various state-specific acts, BAC Home Loans is considered a debt collector. BAC Home Loans must provide certain information to you in order to make sure you are informed when a communication is related to a debt. The 'warning language', such as the required information provided at the bottom of this letter, provides the specific verbiage we must include when discussing the collection of a debt. Although your loan payment may not yet be due, we have provided this information in order to comply under the appropriate laws governing debt collection.

2) Debt Validation Notice:

(a) The amount of the debt: As of August 05, 2009, you owe $122,109.25. The amount of the debt includes your unpaid principal balance and may also include any interest, fees, or escrow payments owing as of the date this letter was generated. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you or your agent before depositing the check for collection. For further information, write the undersigned or call 1-800-437-5760.

(b) The name of the creditor to whom the debt is owed: GINNIE MAE

(c) Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt or any portion of the debt, BAC Home Loans will assume the amount to be valid.

(d) If you notify BAC Home Loans in writing, to the address provided below within the thirty (30) day period, that you dispute the debt, or any portion of the debt, BAC Home Loans will obtain verification of the debt and mail it to you.

(e) If you so request in writing, to the address provided below within the thirty (30) day period, BAC Home Loans will provide you with the name and address of the original creditor if it is different from the current creditor.

BAC Home Loans
Customer Service Correspondence, CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170

If you have any questions regarding this notification, please call BAC Home Loans at 1-800-437-5760 between 8am to 9pm Eastern Time, Monday through Friday.



PAYMENT INSTRUCTIONS

- Make your check payable to BAC Home Loans Servicing, LP
- Write your account number on your check or money order
- Don't attach your check to the payment coupon
- Please include coupon with payment
- Don't include correspondence
- Don't send cash

For all full month payments periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year

Account Number: 22489907-0
Taresa Edwards
1701 Longmeadow Drive

Please update e-mail information on the reverse side of this coupon.

Prior Loan # 1180620
SRCC# 12100

BAC Home Loans
PO Box 10334
Van Nuys CA 91410-0334

0224899070000000934930000000000

⑈586599005846⑈224899078⑈

Payment Due    934.03

Additional Principal

Additional Escrow

Total



# SHAPIRO & PICKETT, LLP

ATTORNEYS AT LAW

Gerald M. Shapiro
Licensed in Illinois &
Florida only
David S. Kreisman
Licensed in Illinois only
Edith Schauble Pickett
Admitted in Alabama
and Florida
David M. Sigler
Admitted in Alabama

August 24, 2009

The Montgomery Advertiser
P.O. Box 1000
Montgomery, AL 36101



Attn: Legal Ad Department

Re:  Teresa K. Edwards and Patrick L. Edwards (Present)
     Teresa K. Edwards and Patrick L. Edwards, wife and husband (Original)
     Loan#0001180820 011-5531806
     S&P#09-009325

Dear The Montgomery Advertiser:

Enclosed is a Continuation of Mortgage Foreclosure Sale on a mortgage made to Mortgage Electronic Registration Systems, Inc. solely as Nominee for Family First Mortgage Corp. by Teresa K. Edwards and Patrick L. Edwards, wife and husband. We would like this additional run to be published on August 27, 2009.

The foreclosure sale was scheduled for August 24, 2009. The sale has been re-scheduled for September 28, 2009.

Please acknowledge receipt of this notice by faxing or emailing the proof and cost to me as soon as possible. Also, please send the Affidavit of Publication and your bill to my attention. If you should have any questions, please do not hesitate to contact me at (205) 323-7757.

Sincerely,

Rasheda Calomese
Foreclosure Department

cc:   BAC Home Loans Servicing, LP
      5401 North Beach Street
      M/S - FTW-35
      Fort Worth, Texas 76137

      Teresa K. Edwards
      1701 Longmeadow Drive
      Montgomery, AL 36106

      Patrick L. Edwards
      1701 Longmeadow Drive
      Montgomery, AL 36106

651 Beacon Parkway West, Suite 115 Birmingham, Alabama 35209 • voice: (205) 323-7757 • fax: (205) 323-8750

## CONTINUATION OF MORTGAGE FORECLOSURE SALE

Default having been made in the payment of the indebtedness secured by that certain mortgage executed to Mortgage Electronic Registration Systems, Inc. solely as Nominee for Family First Mortgage Corp. on July 3, 2006, by Teresa K. Edwards and Patrick L. Edwards, wife and husband, and recorded in Book 3372 Page 467; said mortgage was transferred and assigned to Taylor, Bean & Whitaker Mortgage Corp. et seq., in the Office of the Judge of Probate of Montgomery County, Alabama, the undersigned, as Mortgagee or Transferee, under and by virtue of the power of sale contained in the said mortgage will sell at public outcry to the highest bidder for cash in front of the main entrance of the Montgomery County, Alabama, Courthouse in the City of Montgomery, Montgomery County, Alabama, on the August 24, 2009, during the legal hours of sale the following real estate situated in Montgomery County, Alabama, to wit:

> Lot 14, in Block A, of Longmeadow Subdivision, NW 1/4 of Sec. 21, T16N, R18E, as recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 17, at Page 34.

For informational purposes only, the property address is: 1701 Longmeadow Drive, Montgomery, AL 36106. This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure. Five Thousand Dollars and no/100 ($5,000.00) must be tendered in certified funds at the time and place of the sale by the purchaser as a non-refundable deposit. The balance of the purchase price must be paid in certified funds within 24 HOURS thereafter at the law offices of Shapiro & Pickett, L.L.P., 651 Beacon Parkway West, Suite 115, Birmingham, Alabama 35209, (205) 323-7757. Shapiro & Pickett, L.L.P. reserves the right to award the bid to the next highest bidder, or to reschedule the sale, should the highest bidder fail to timely tender the total amount due.

**Taylor, Bean & Whitaker Mortgage Corp., and its successors and assigns**
Mortgagee or Transferee

SHAPIRO & PICKETT, L.L.P.
651 Beacon Parkway West, Suite 115
Birmingham, Alabama 35209
(205) 323-7757/09-009325
Attorneys for Mortgagee or Transferee
The Montgomery Advertiser - Run ad: July 24, 31, August 7, 2009

The public sale provided for hereinabove was postponed on August 24, 2009, by public announcement being made at the main entrance of the Montgomery County Courthouse, Montgomery, Alabama, during the legal hours of sale. The foreclosure sale described hereinabove shall be held on the September 28, 2009, at the main entrance of the Montgomery County Courthouse, Montgomery, Alabama, during the legal hours of sale.

The Montgomery Advertiser - Run ad: August 27, 2009

Aug. 12. 2009  1:12PM                                                                 No. 2465   P. 1



# SHAPIRO & PICKETT, LLP

ATTORNEYS AT LAW

Gerald M. Shapiro
Licensed in Illinois &
Florida only
David S. Kreiaman
Licensed in Illinois only
Edith Schauble Pickett
Admitted in Alabama
and Florida
David M. Sigler
Admitted in Alabama

July 21, 2009

09-009325
Teresa K. Edwards
Patrick L. Edwards
1701 Longmeadow Drive
Montgomery, AL 36106



PLAINTIFF'S EXHIBIT

In Re:        TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION
   Loan #     0001180820
   S&P #      09-009325

Dear Teresa K. Edwards and Patrick L. Edwards:

### VERIFICATION NOTICE

This notice is being provided in order to comply with the Fair Debt Collections Practices Act, 15 U.S.C. 1692.

(1)   As of July 17, 2009 our client has advised us that the amount of the debt is $108,779.54.

(2)   The creditor to whom the debt is owed is TAYLOR, BEAN & WHITAKER MORTGAGE CORP.

(3)   The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within that period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, our client, TAYLOR, BEAN & WHITAKER MORTGAGE CORP. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us in writing within thirty (30) days of the date you receive this letter.

(4)   If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us in writing within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that is different from our client, TAYLOR, BEAN & WHITAKER MORTGAGE CORP., then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

651 Beacon Parkway West, Suite 115 Birmingham, Alabama 35209 ◦ voice: (205) 323-7757 ▪ fax: (205) 323-8750



Home Loans
P.O. Box 5170
SIMI VALLEY, CA 93062-5170



Send Correspondence to:
P.O. Box 5170
Simi Valley, CA 93062-5170

Business Address:
450 American Street
Simi Valley, CA 93065-6285

August 23, 2009

Account No.: 22489907

Property Address:
1701 Longmeadow Drive
Montgomery, AL



Teresa Edwards
1701 Longmeadow Drive
Montgomery, AL 36106

Dear Teresa Edwards:

## Important Legal Notice

As you know, the servicing of your home loan was recently transferred to BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. (BAC Home Loans). BAC Home Loans, as the servicer of your loan, has the right to collect payments from you. BAC Home Loans is required by law to advise you of the following:

1) Under the Fair Debt Collections Practices Act, as well as various state-specific acts, BAC Home Loans is considered a debt collector. BAC Home Loans must provide certain information to you in order to make sure you are informed when a communication is related to a debt. The 'warning language', such as the required information provided at the bottom of this letter, provides the specific verbiage we must include when discussing the collection of a debt. Although your loan payment may not yet be due, we have provided this information in order to comply under the appropriate laws governing debt collection.

2) Debt Validation Notice:

(a) The amount of the debt: As of August 05, 2009, you owe $122,109.25. The amount of the debt includes your unpaid principal balance and may also include any interest, fees, or escrow payments owing as of the date this letter was generated. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you or your agent before depositing the check for collection. For further information, write the undersigned or call 1-800-437-5760.

(b) The name of the creditor to whom the debt is owed: GINNIE MAE

(c) Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt or any portion of the debt, BAC Home Loans will assume the amount to be valid.

(d) If you notify BAC Home Loans in writing, to the address provided below within the thirty (30) day period, that you dispute the debt, or any portion of the debt, BAC Home Loans will obtain verification of the debt and mail it to you.

(e) If you so request in writing, to the address provided below within the thirty (30) day period, BAC Home Loans will provide you with the name and address of the original creditor if it is different from the current creditor.

BAC Home Loans
Customer Service Correspondence, CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170

If you have any questions regarding this notification, please call BAC Home Loans at 1-800-437-5760 between 8am to 9pm Eastern Time, Monday through Friday.